UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re: Tanya Hathaway
Applicant, debtor

23 Fortune La
PO Box 643
Newbury NH 03255

Case No. 10-14330-JMD

FILED
2010 DEC -9 P 2:32
CLERK OF THE
BANKRUPTCY COURT
DISTRICT OF NH.

Statement of Issues

See attached statement of Issues


Signed, Pro-Se, Tanya Hathaway
12/09/10

[signature]

UNITED STATES BANKRUPTCY COURT
District of New Hampshire

FILED
2010 [illegible] -[illegible] A 8: 37

Tanya Hathaway,
Debtor, Appellant

STATEMENT OF ISSUES  Case Number: 10-14330 JMD
Chapter 13

Oral argument is requested due to extenuating circumstances as summarized following.

Several life-changing events took place that were circumstantial and beyond control of the Appellant in which an otherwise the professional businesswoman and single mother of two boys have been responsible to her home and independent of issues that have snowballed from one to another over the past three years.

Appellant was a victim of domestic violence and immediately when proofs were available successfully filed a permanent restraining order against her x-fiancé who not only physically violated; but as well, pretended to take over paying the mortgage. In essence, one payment was made by him. When Appellant became aware of this after he had drained her business bank account when she was talking to the police the day of the TRO, she made a double payment of approximately $1800 (See Exhibit ) and sent a letter with a plan to payoff the remainder delinquent by the following March. Appellant used the money to pay other monthly obligations that were left delinquent as a result from this assault that affected the personal as well as business finance and well-being of the Appellant and her family.

Only several months after the assault and the Appellant was beginning to resume more of a normal work pace and financial stability with hopes of resolving the outstanding matter with the mortgage company, her brother was diagnosed with terminal primary brain cancer, in which Appellant, given her knowledge of the insurance and estate areas quickly became an integral part of his affairs on a daily basis; despite the hardships she had yet to overcome. Appellant's brother passed only this past October 14th, 2010.

Appellant is no longer handling matters of the estate due to a car accident in June 2010 in which she suffered a disabling neck injury. Although the Appellant had been back to work and employer New York Life, by all rights could have terminated Appellant's contract; due to the history of work performance and meeting and exceeding the expectations of New York Life and her tenure; the regional office backed Appellant reputation and otherwise consistent work ethic and performance and Appellant was given two exceptions to continue as a statutory employee with New York Life

November of that same year that the dissolution and discovery of the

Appellant received the money order back with a note from the mortgage company stating that all was due or the house would go into foreclosure. See Exhibit:

The final resolve to get Appellant back on track is being attended to and is pending cervical spine surgery. It was only recently discovered through failed physical therapy attempts and x-rays and mri's that there was more damage than believed and the Appellant is currently undergoing three different diagnostic tests with three different areas in question in the cervical spine prior to a final recommendation for surgery.

The Appellants pain management has been under control more so than it had been after the accident, due to a different medication. Appellant is gearing herself up to be back to work again full force after recovery from the surgery which should hopefully take place in December, possibly January.

As a result of the extremely stressful nature of these events, the Appellant was receiving therapy and help to regain control of her life and to become emotionally capable of managing these events that are difficult enough one at a time, not to mention all three within approximately one year's time.
(See Exhibit showing therapists notes which New York Life was able to receive and help base their decision).....

Appellant respectfully begs the court to "stay" the foreclosure activity and to allow the Appellant the opportunity to recover from spine surgery (within a reasonable time) and have the mortgage modified based on the reasons of "hardship" and the most recent appraisal in 2010.

Appellant recognizes that despite the fact that the Appellant is grossly delinquent and *appearing* to be abusing the system and the filings; that it is not the intention of Appellant and mortgagee.

Appellant is moving forward and will soon be in a position to pay her mortgage obligation as she has been a law-abiding self sufficient payor of mortgages in the past and has never defaulted prior to this run of misfortune.

Appellant begs the court to hear oral argument and circumstances relayed to this specific case and modify decision.

Therefore;
Appellant seeks relief and a reconsideration of denied Emergency Stay dated on " " for reasons set forth below:

(Exhibits to be provided at hearing)

Dated: December 1, 2010

Respectfully Submitted,

Tanya Hathaway, Pro Se

12/09/10

## CERTIFICATION OF MAILING

FILED
2010 DEC -9 P 2: 32
CLERK OF THE
BANKRUPTCY COURT
DISTRICT OF NH

I, Tanya Hathaway, certify that I have mailed the following documents to the below referenced parties via first class mail on 12/9/10
☐ Designation of Items & ☐ Statement of Issues,

NBC Management
PO Box 1099
Langhorne, PA 19047

HSBC Bank
PO Box 60082
Salinas, CA 93912

Susan Cody, Esq.
Korde & Assoc.
21 Billerica Rd Ste 210
Chelmsford, MA 01824

Ocwen Fed Bank
Bankruptcy Dept
2850 Ingenuity Dr
Orlando, FL 32826

Signed

prose
Tanya Hathaway